UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re:
MENACHEM MENDEL SCHNEORSON,

*Debtor*.

MARGALIT SCHNEORSON,

*Plaintiff*,

-against-

MENACHEM SCHNEORSON,

*Defendant*.

22-MC-1922 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Menachem Schneorson, proceeding *pro se*, moves to withdraw the reference to the United States Bankruptcy Court for the Eastern District of New York in *Schneorson v. Schneorson*, 22-AP-1030 (JMM), pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011–1 of the Local Bankruptcy Rules for the Eastern District of New York.[1] Mot. Withdraw Reference, ECF No. 1. For the following reasons, I deny the motion.

## BACKGROUND

In 2017, Margalit Schneorson ("Margalit") commenced a matrimonial action in Florida family court seeking dissolution of her marriage to Menachem Schneorson ("Menachem"), as well as temporary domestic support, alimony, and equitable distribution of marital assets. *See* Mem. Decision on Margalit Schneorson's Mot. for Remand and Abstention 3 ("Mem. Decision"),

---

[1] This adversary proceeding is related to the underlying bankruptcy proceeding, *In re Schneorson,* No. 22-BK-40433 (JMM) (Bankr. E.D.N.Y.).

*Schneorson v. Schneorson*, No. 22-AP-1030 (Bankr. E.D.N.Y. 2022), ECF No. 23. The family court, among other things, issued an order directing Menachem to deposit the net proceeds from the sale of alleged marital property ("the Ocean Parkway property") into either the Broward Clerk's Office Court Registry or a trust account maintained by Margalit's attorneys. *See id.* at 4, 19. Margalit in turn used that order to restrain bank accounts held by an individual named Barry Kaye because she believed that they contain proceeds from the Ocean Parkway property sale. *See id.* at 4.

In March 2022, Kaye, along with others, filed against Menachem an involuntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. *See id.* at 6. Shortly thereafter, Menachem filed a voluntary *pro se* petition for relief under Chapter 7 of the Bankruptcy Code and the two cases were consolidated. *See id.* Menachem then removed the Florida matrimonial action, instigating an adversary proceeding in bankruptcy court. *See id.* at 9–10.

In May 2022, Margalit filed a motion before the bankruptcy court seeking a remand of the matrimonial action to state court. *See id.* at 10. Menachem subsequently filed the instant motion before me, seeking to withdraw the reference to bankruptcy court. *See* Mot. Withdraw Reference. In bankruptcy court, Menachem opposed a remand, as did the trustee in the Chapter 7 proceeding, who pointed out that a remand could result in a dissolution of the restraint on the Kaye accounts before the trustee had ascertained the bankruptcy estate's interest, if any, in those accounts. *See* Mem. Decision at 10–11. In September 2022, Bankruptcy Judge Mazer-Marino remanded many claims to Florida family court but retained jurisdiction over claims related to the restraint on the Kaye accounts and the proceeds from the sale of the Ocean Parkway property, as well as claims

2

related to the bankruptcy estate's interests in certain other alleged marital property. *See id.* at 17–21; Order on Motion for Remand 2, ECF No. 24.

On March 18, 2024, Judge Mazer-Marino approved a settlement resolving all claims in the adversary proceeding except those related to the restraint on the Kaye accounts and the bankruptcy estate's interest in proceeds from the sale of the Ocean Parkway property. Order Approving Settlement, *Schneorson v. Schneorson*, No. 22-AP-1030 (Bankr. E.D.N.Y. 2024), ECF No. 72; Stipulation of Settlement 1, 3–4, 8–11, *Schneorson v. Schneorson*, No. 22-AP-1030 (Bankr. E.D.N.Y. 2024), ECF No. 64-2; Appl. Supp. Order Authorizing Compromise & Settlement of Certain Claims ¶ 15, *In re Schneorson,* No. 22-BK-40433 (JMM) (Bankr. E.D.N.Y.), ECF No. 151-1.

## LEGAL STANDARD

District courts have original jurisdiction over bankruptcy cases, *see* 28 U.S.C. § 1334(a), but may refer "any or all" bankruptcy proceedings to the bankruptcy judges for the district, *id.* § 157(a). The Eastern District of New York has a standing order that provides for automatic reference of bankruptcy cases to the Bankruptcy Court. Eastern District Administrative Order 264 (1986). The reference may be withdrawn, however, "for cause shown." 28 U.S.C. § 157(d). In ascertaining whether "cause" has been shown, courts consider a number of factors, including: (1) whether the proceeding is core or non-core, and whether the bankruptcy court has constitutional authority to enter a judgment on the claim; (2) the efficient allocation of judicial resources; (3) the delay and potential costs to parties; (4) the need for uniformity of bankruptcy administration; and (5) the prevention of forum shopping. *In re Motors Liquidation Co.*, 538 B.R. 656, 661 (S.D.N.Y. 2015). The presence of a jury demand is also relevant. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

In deciding whether to withdraw the bankruptcy reference, I must first determine "whether the case involves a core or non-core proceeding." *In re Lehman Bros. Holdings, Inc.*, 18 F. Supp. 3d 553, 557–58 (S.D.N.Y. 2014) (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101). "[C]ore proceedings are those that arise in a bankruptcy case or under Title 11." *Stern v. Marshall*, 564 U.S. 462, 476 (2011). Even if a proceeding is "core," however, I must also "consider whether the bankruptcy court has the power to enter a final judgment." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 20-CV-4767, 2023 WL 6122905, at *2 (S.D.N.Y. Sept. 18, 2023). After the Supreme Court's decision in *Stern v. Marshall*, "the principal question is no longer whether the claim in question is 'core' or 'non-core' pursuant to the Bankruptcy Code but whether the bankruptcy court has *constitutional authority* to enter final judgment on the claims at issue." *In re Lehman Bros. Holding, Inc.*, 480 B.R. 179, 188–89 (S.D.N.Y. 2012). Although only an Article III court can render a final judgment over "private rights" claims—"the 'stuff' of common law"—a bankruptcy court can fully adjudicate so-called "public rights" claims that are "'derived from' or 'closely intertwined' with a federal regulatory scheme." *Kirschner v. Agoglia*, 476 B.R. 75, 80 (S.D.N.Y. 2012) (quoting *Stern*, 564 U.S. at 484, 87–96)). After determining whether a proceeding is core and, if so, whether the bankruptcy court has the constitutional authority to enter a final judgment, I must then consider the other factors, assessing "whether efficiency and uniformity would be better served by litigating in the district court." *Madoff*, 2023 WL 6122905, at *3 (quotation marks omitted).

## DISCUSSION

Although many of the claims pending at the time that Menachem filed his motion may have been non-core, the same cannot be said of the remaining claims regarding the Kaye accounts and the bankruptcy estate's interest in the Ocean Parkway property. These claims require a

determination of the extent of the property in the bankruptcy estate. *See* Mem. Decision at 19 ("To the extent Debtor has interests in the Ocean Parkway Property, those interests are property of the bankruptcy estate. As such, the determination of the parties' rights to the funds in the Barry A. Kaye Accounts is tied to the bankruptcy estate's rights in the Ocean Parkway Property."). Determining the extent of property within a bankruptcy estate is a core proceeding. *In re Strathmore Grp., LLC*, 522 B.R. 447, 452 (Bankr. E.D.N.Y. 2014); *In re Salander-O'Reilly Galleries, LLC*, 475 B.R. 9, 29 (S.D.N.Y. 2012). Moreover, a bankruptcy court has constitutional power to enter a final judgment in a proceeding that "stems from the bankruptcy itself," *Stern*, 564 U.S. at 499, and "a proceeding to determine the bounds of the [bankruptcy] estate," such as a proceeding to adjudicate the remaining claims involving the Kaye accounts and the Ocean Parkway property, has "no existence outside bankruptcy," *In re Salander-O'Reilly Galleries*, 475 B.R. at 29. These remaining claims over the bounds of the bankruptcy estate are therefore "closely intertwined" with the federal bankruptcy regime, *Stern*, 564 U.S. at 492, and the bankruptcy court has constitutional authority to enter final judgment on them.

   The remaining factors likewise counsel in favor of denying Menachem's motion to withdraw the reference. Withdrawal of the reference will not promote the efficient allocation of judicial resources because Judge Mazer-Marino is fully versed in the remaining claims, as well as their role in the context of the related Chapter 7 proceeding. Indeed, declining to withdraw the reference will likely streamline the adjudication of the case, because the bankruptcy court has expertise on the legal issues involved, as well as the facts and proceedings specific to this case. Denying the motion therefore will not result in any additional delay or costs to the parties. The need for uniformity of bankruptcy administration likewise weighs against withdrawing the reference, given that the bankruptcy court has presided over the Chapter 7 petition and related

5

adversary proceedings for more than two years. *See In re Lehman Bros. Holdings Inc.*, 480 B.R. at 196–97 (emphasizing the importance of intra-case uniformity). Because there is no indication that forum shopping motivated Menachem's motion to withdraw the reference, that factor is neutral. Finally, the presence of a jury demand does not counsel in favor of withdrawing the reference, because "bankruptcy courts may conduct jury trials in core proceedings" such as this one. *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1402 (2d Cir. 1990). Because these factors are either neutral or weigh in favor of declining to withdraw the reference, I find that Menachem has not demonstrated sufficient cause to withdraw the reference.

## CONCLUSION

For the foregoing reasons, the motion to withdraw the reference is DENIED.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:      March 22, 2024
            Brooklyn, New York